CHARLEY WRIGHT v. THE STATE.

*No. 925. Decided April 15th, 1896.*

**1. Objections to Evidence—Bill of Exceptions.**

A bill of exceptions to the admission of evidence, is incomplete and insufficient which simply states the grounds of objection to the evidence, but fails to state, as matters of fact, the matters upon which the objections were predicated.

**2. Local Option—Incorporated Town—Bill of Exceptions.**

Where the order for a local option election was for Justice's Precinct No. 2, and objection was urged to the introduction in evidence of the petition, because the precinct had within its borders an incorporated town; and because the election was not ordered in the various wards of the town. Held: The bill of exceptions which stated these grounds of objection only, was defective in not stating as a fact, that the town was an incorporated town.

**3. Same—Unsigned Minutes of the Special Term of Commissioners' Court.**

On a trial for violation of local option, where it was objected that the minutes of the court containing the order declaring the result was not signed, and, therefore, not legal evidence. Held: That the orders, judgments and decrees of the court were not invalid for such reason.

**4. Same—Publication of the Result.**

Where the result of a local option election has been legally published in one newspaper, the publication will not be invalidated by the fact that it was afterwards published without authority of law in another paper.

APPEAL from the County Court of Erath. Tried below before Hon. THOMAS B. KING, County Judge.

This appeal is from a conviction for a violation of local option, the punishment assessed being a fine of $25, and twenty days' imprisonment in the county jail.

[No brief for appellant.]

·*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction for a violation of the local option law. On the trial, the defendant objected to the introduction of the petition of the Commissioners' Court, upon which was based the order for the election in Justice Precinct No. 2, of Erath County, because said precinct had within its boundaries an incorporated town, to-wit: "The city of Dublin;" and, second, because the election was not ordered to be held in the various wards of the city of Dublin. It will be noted that these grounds of objection do not recite the fact, nor does the bill of exceptions show, that Dublin was an incorporated town. These are the only grounds of objection, and the court, in approving the bill of exceptions, does not certify the truth of said grounds. If it was intended to reach the question stated in the grounds, to-wit: an incorporated city was within the limits of said precinct, and that the petition did not show the necessary number of signers within said precinct, then the bill of exceptions should have stated these matters as matters of fact, and not as grounds of objection, or, rather, as matters of fact upon which the grounds of objection could be predicated. The defendant also objected to the introduction of the order of the court declaring the result of the local option election in said Precinct No. 2, because the minutes of said court, wherein the order declaring such result was entered, had not been signed by the County Judge; and it was made to appear, in this connection, that the County Judge did not, at that special term of the Commissioners' Court, sign the minutes, but did at the succeeding term of the court. Whether signed at the succeeding term or not, the minutes of the court held at the special session are valid, although not signed by the County Judge during said term, or whether he ever signed them or not. It is not stated nor shown that the four commissioners, or a majority of said commissioners, had failed to sign it; but even if they had not signed it, or any member of the Commissioners' Court had not signed it, still the judgments, orders, and decrees of the court, entered upon the minutes, would not be invalid for that reason. This question has been settled in Texas for nearly a half century, beginning with the case of Cannon v. Hemphill, 7 Texas, 184, and continuing up to date. The order of the County Judge declaring the result of the election was published in two newspapers—the Dublin Leader—and the second publication was had in the Stephenville Empire. The publication in the Dublin Leader began on October 4th and ended on November 1st, while the publication in the Stephenville Empire began on November 2nd and ended on November 30th. It was objected "that the publication in the Stephenville Empire was too remote from the passage of said order to place the same in effect; and because said order having been published in the Dublin Leader, and the County Judge having placed his certificate on the minutes of the County Commissioners' Court, certifying the fact that the publication had been made in said Dublin Leader for four successive weeks, his jurisdiction over the subject matter had ceased subsequent to the publication thereafter, and was without authority of law; and because the Stephenville Empire was not published in the city

of Dublin, nor within the Precinct No. 2." There is no merit in any of these contentions. It was not necessary to publish the result in the Stephenville Empire, as it had been properly and legally published in the Dublin Leader. If the contention of the appellant is correct—that the authority of the County Judge ceased with the publication in the Dublin Leader, and that his act was ultra vires, as to the publication in the Stephenville Empire—it certainly would not invalidate the publication in the Dublin Leader. Nor could the act of publishing in the Stephenville Empire have been taken as invalidating the law in any respect. After carefully examining the record, we find no errors, and the judgment is affirmed.

*Affirmed.*