LATTIMORE, Judge.
 

 Appellant was convicted in the Criminal District Court of Harris County of robbery, and his punishment fixed at fifty-five years in the penitentiary.
 

 This record reveals a revolting story of human depravity. The injured party was a woman who testified that on the occasion mentioned appellant came to her room and made her a proposition to come and work for his wife at a stipulated salary per week, and volunteered to accompany her to his home and show her the way and introduce her to his wife. She testified that she agreed to go and went with him, and that after traveling quite a ways on the street car, they left same and walked finally into the woods near Houston Bayou, he telling her his home lay in that direction. She further testified that at a certain point appellant assaulted her, and by means of force and threats and the use of a pistol, ravished her. She further testified that after this was accomplished but before they left the scene, he also jerked her purse out of her hand and took therefrom four dollars in money, and then by the use of his pistol forced her to deliver to him two rings which she had on her hand. That appellant
 
 *667
 
 was seen about this time in possession of two rings answering the description of those claimed to have been forcibly taken by him, was shown by another witness. That the parties were in the neighborhood of the alleged assault was also shown by another witness. Appellant admitted going with the woman and having intercourse with her but denied its forcible character, and also denied taking any property from her.
 

 On the part of the defense the bad character of the prosecuting witness was testified to by a number of people, and the fact that she was frequently out at all times of the night with men was given in testimony. Appellant took the witness stand in his own behalf and was asked by the State, over objection, if he had not taken other women under similar pretenses out into the same neighborhood and forcibily had carnal knowledge of them. He was also asked if he was not with another young woman on the street going in the direction of the same locality, at the time he was arrested. This was partially denied and in part admitted by him. He testified that he went out to this locality with one of the women mentioned and, she agreeing, had intercourse with her. He admitted that he was with a strange young woman walking along the street at the time of his arrest. He denied being with one of the other women, and denied any forcible carnal knowledge of any of them.
 

 This entire matter, in so far as it sought to put before the jury his forcible carnal knowledge of other women, was incompetent, but most of the bills of exception evidencing appellant’s complaint of the admission of this testimony are in such condition by reason of being in question and answer form as to not permit our eonsideration of them. However, one of said bills does present appellant’s complaint of the reception of this character of evidence in proper form, and in as much as it would call for affirmative action on our part, and in as much as we deem the evidence inadmissible, the matter will be discussed as a whole. If appellant had been on trial for rape, the question as to the forcible character of his assault, he admitting connection with the woman but denying its being by force, might present a different question in passing upon proof of other assau±<,s upon women carried to this locality under similar pretenses, but appellant is not charged in this case with rape or assault to rape, but is charged with robbery, and we observe nothing in the testimony of either of the other women, or in any of the predicates laid from examination of appellant 'while on the witness stand, suggesting that he was accused of taking any personal property from any of said other women. This being true, we are unable to perceive, on any legal hypothesis, the admissibility of the testimony regarding the transactions with the other woman. Manifestly it must have been of
 
 *668
 
 great injury to appellant if not admissible. There are certain well defined and well understood exceptions to the general rule rejecting testimony of separate and distinct transactions, but the testimony of the other ravishments, as given in this ease, seems not to come under any of said exceptions. To prove against a man charged with robbery that he had by force ravished different women, would necessarily be of great injury to him, and however shocking to the morals might be the story of the various crimes charged against this appellant and narrated by these women, he is entitled to a fair and legal trial, which does not seem to have been accorded him.
 

 An interesting'question is raised as to the qualification of the special judge who tried the case, but in view of the fact that the question iras not raised until the motion for new trial was presented, we would be of the opinion that same was waived.
 

 For the admission of the testimony above discussed, the judgment of the trial court is reversed and the cause remanded.
 

 Reversed and remanded.