FRANK WALKER v. THE STATE.

No. 9732. Delivered June 25, 1926.

Rehearing denied November 3, 1926.

**1.—Robbery—Continuance—Properly Refused.**

Where, on a trial for robbery, appellant requested a continuance on account of the absence of a witness, and the record discloses that the indictment was returned in October, 1923, and no process was issued for said witness until May, 1925, and no reason set out for the failure to ask for process earlier, sufficient diligence is not shown, and the continuance was properly refused. Applications for continuance are passed on by this court in the light of the evidence adduced on the trial. See Branch's Ann. P. C., Sec. 305.

**2.—Same—Bill of Exceptions—Requisites Of—Rule Stated.**

A bill of exception must specifically and intelligibly point out the matter complained of, and must of itself show some error of commission or omission upon the trial. A bill which complained of the court's refusal to permit appellant to prove that prosecutrix's reputation as being a common prostitute, is too general. This court has held that bad reputation for chastity cannot be proved for the purpose of affecting the truthfulness of a witness. See McCray v. State, 38 Tex. Crim. Rep. 611, and other cases cited.

**3.—Same—Evidence—Held, Admissible.**

Where, on a trial for robbery, the state was permitted to show that prosecuting witness, a woman, on the evening of the alleged assault, and after same had occurred, was nervous, crying and all worked up, no error is shown, this testimony being properly admitted. See Branch's P. C., Sec. 1784, and authorities there cited.

ON REHEARING.

**4.—Same—Continuance—Rule Stated.**

In passing upon the sufficiency of a motion for continuance, the trial court not only considers the diligence used to secure the attendance of the absent witness, but also must consider the probable testimony of such witness as is set out in the application. If such testimony is impeaching or cumulative, as a general rule the continuance should not be granted. In this case, before this court, the testimony of the absent witness was both impeaching as to one feature of it, and cumulative as to another, and was properly overruled.

**5.—Same—Evidence—Impeaching Prosecuting Witness—Properly Rejected.**

While it is the rule in this state that a female witness may be impeached by showing that she has been convicted of being a common prostitute, because this offense involves moral turpitude, but she cannot be impeached by showing specific acts of immoral conduct, nor by showing her general reputation for chastity to be bad. See Hays v. State, 234 S. W. 898, 90 Tex. Crim. Rep. 355; 234 S. W. 898, for collation of authorities.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for robbery, penalty five years in the penitentiary.

This is the second appeal of this case. For opinion on former appeal see Walker v. State, 271 S. W. 384.

The opinion states the case.

*Frank O. Fuller* of Houston, for appellant.

*Horace Soule,* District Attorney of Harris County; *J. L. Du Mars,* Assistant District Attorney of Harris County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the Criminal District Court of Harris County of the offense of robbery, with punishment fixed at five years in the penitentiary, this appeal is taken.

For opinion upon the former appeal of this same case, see Walker v. State, 271 S. W. 384.

Bill of exceptions No. 1 complains of the refusal of a con-tinuance.. When an indictment is returned in October, 1923, and there is no showing of the issuance of process until May, 1925, and no reason set out justifying or excusing the failure to ask for process earlier, sufficient diligence is not shown. The burden is put upon one asking for a continuance to affirmatively show diligence. We further observe that the testimony expected from witness, Young, appears inadmissible, and that the con-versation had with prosecutrix, Ruby Middleton, which appel-lant says he could prove by the witness, Harrington, would be only admissible in the event of a denial thereof by prosecutrix. Reference to the statement of facts discloses that she was not asked about this conversation on the trial. There is no legal presumption that had she been asked, she would have denied it, if true. We pass on applications for continuance in the light of the evidence adduced on the trial. Branch's Ann. P. C., Sec. 305. The bill presents no error.

Bills Nos. 2, 3 and 4 are not in such form as to call for a ruling from this court. As illustrative, we quote from bill No. 3, as follows:

"The defendant undertook to prove on cross-examination of prosecuting witness, Ruby Middleton, that she had remained at the Young Women's Co-Operative Home only a short time after going there to live and that she was requested to leave said home because of her general bad character as a common prostitute; and, that if defendant had been permitted by the court he would have followed this line of evidence and would have shown that prosecuting witness, Ruby Middleton, had been driven from place to place prior to, at the time of and since the alleged offense and had been required to leave the various places where she had engaged lodging because of the general bad reputation and conduct of the said Ruby Middleton," etc.

Such a bill brings before us nothing tangible. How did appel-lant "undertake to prove on cross-examination of prosecuting witness that she had remained at the Young Woman's Co-Oper-ative Home only a short time after going there to live and that she was requested to leave said home because of her general bad character?" etc. Were not questions asked prosecutrix on cross-examination? If so, what were they? What was the objection to the question? Was it to the form or substance of the same? We are not informed by the bill, we do not know, and hence cannot say. In this connection, we might observe, in regard to the matters contained in each of said bills, that there was no

testimony offered by appellant from any witness that prosecutrix was a common prostitute, or that she had ever been charged or convicted of an offense involving such character. Chase v. State, 261 S. W. 574. This court has held that bad reputation for chastity cannot be proved for the purpose of affecting the truthfulness of a witness. McCray v. State, 38 Tex. Crim. Rep. 611; Hall v. State, 43 Tex. Crim. Rep. 489; Ellis v. State, 56 Tex. Crim. Rep. 15.

Bill No. 5 presents complaint that the state on cross-examination of defense witness, Castelo, asked him if he had seen appellant at the place of the alleged assault with "those other girls." No facts are set out in the bill from which we could derive information as to the materiality of such an inquiry. Whose "those other girls" might be, or how said question or its answer could injure appellant, nowhere appears; nor does the bill set out the answer of the witness.

Testimony that on the evening of the alleged assault, and after same occurred, prosecutrix was nervous, crying and all worked up, was admissible. Branch's Ann. P. C., Sec. 1784, collates authorities.

The testimony seems sufficient to support the finding of the jury. Prosecutrix testified that on the pretense of wanting to employ her at his home appellant asked her out in the woods where he assaulted her and by means of the assault and the use of a pistol forcibly took from her money and rings.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

I doubt the correctness of the conclusion reached, but will not write upon the subject.

Morrow, *Presiding Judge.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—Appellant insists that we were in error in disposing of his bill complaining of the refusal of continuance. It was his second application. As to witness, Young, the application shows entire lack of diligence. We must pass upon these matters from what we find alleged in the request for continuance in the light of the facts proven. Upon its face the application shows insufficient diligence in securing process for the witness, Mrs. Harrington, but it had been served and, in response, she was in court on May 18. The case was not tried

at that time. Why it was not the application fails to show. When the case was called for trial on June 1 this witness did not appear. Conceding diligence as to her, the testimony expected was impeaching as to one feature of it and cumulative as to another. Under such circumstances the trial court committed no error in refusing the continuance.

We have again examined bills of exception 2, 3 and 4, in view of appellant's insistence that they were incorrectly disposed of. The bills are very general as pointed out in our original opinion, and perhaps should not be considered on that account but construing them most liberally, we nevertheless are of opinion they do not present error. Ruby Middleton was the party alleged to have been robbed. She testified that appellant not only robbed her but forcibly raped her. Appellant did not testify, and his chief defense centered around an attack upon the prosecuting witness. The bills disclose that appellant was seeking to show her bad moral character by specific acts of herself and others, and that her general reputation was bad for associating with those whose characters were also bad. In McIntosh v. State, 91 Tex. Crim. Rep. 392, 239 S. W. 622, we held that a female witness might be impeached by asking her if she had not been convicted of being a common prostitute because this offense involved moral turpitude. The authorities are cited in the McIntosh opinion. (See also Steele v. State, 251 S. W. 222.) The trial judge in qualifying one of the bills in question specifically says no such effort was made to impeach the prosecuting witness. Specific acts of an immoral character may not be shown as affecting the credibility of a female witness. (Authorities are collated in Hays v. State, 90 Tex. Crim. Rep. 355, 234 S. W. 898.) Neither may a witness' veracity be impeached by showing her general reputation for chastity to be bad. (For authorities collated also see Hays v. State, supra.) A witness may be impeached by showing that he has been convicted in the courts of theft, but not by proof that his general reputation is that of a thief, nor by proof that he is generally reputed to associate with thieves, nor that the general reputation of his associates is that of thieves. In effect this is what appellant undertook to do by the evidence rejected as shown by said bills 2, 3 and 4. We think it was properly excluded.

The motion for rehearing is overruled.

*Overruled.*