## EARL FLORENCE V. THE STATE.

No. 11368.   Delivered February 29, 1928.

Rehearing denied April 11, 1928.

**1. — Aggravated Assault — Continuance — Second Application — Properly Refused.**

Where, on a trial for murder which resulted in a conviction for an aggravated assault, appellant filed a motion for a second continuance on account of the absence of two witnesses. No circumstances that would have justified appellant in waiting nearly two years after the return of the indictment before applying for process for these witnesses were shown. Under such condition sufficient diligence was not shown, and the second continuance was properly refused. See Horn v. State, 284 S. W. 557, and Walker v. State, 287 S. W. 497.

**2.—Same—New Trial—Controverted by State—Properly Refused.**

Where appellant sought a new trial on account of the absence of two witnesses, and the state controverted his motion and presented the affidavits of the absent witnesses, which disclosed that neither of said witnesses would testify to the facts set forth in the application for a continuance and for a new trial, there was no error in the refusal of a new trial. See Branch's Ann. P. C., Sec. 305; Walker v. State, supra.

**3.—Same—Evidence—Statements of Accused—Properly Admitted.**

Where appellant had testified in his own behalf to a conversation and statements made by himself to officers when informed by them that the old man with whom he had the difficulty had died, there was no error in permitting the state to introduce the officers and permit them to detail the conversation and statement of appellant which he had testified to. See Art. 728, C. C. P.; Cooper v. State, 250 S. W. 185; Venn v. State, 284 S. W. 955, and other cases cited in original opinion.

### ON REHEARING.

**4.—Same—Evidence—Statements of Accused — After Arrest — When Admissible.**

As a general rule statements made by accused while under arrest, not in conformity with Art. 727, C. C. P., are not admissible, but where the appellant and not the state has introduced the declarations made by him while under arrest, the state, under Art. 728, C. C. P., has the right to introduce the whole of his declaration made at the same time and place, upon the same subject. See cases collated in Vernon's Tex. C. C. P., 1925, Vol. 2, p. 840.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Grover Adams, Judge.

Appeal from a conviction for an aggravated assault, penalty two years in the county jail.

The opinion states the case.

*J. E. Newberry* and *W. R. King* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault, the punishment confinement in jail for two years.

The facts relied upon by the state were these: J. M. Denman was approximately 70 years old, weighed about 130 pounds, and was five feet two inches tall. He was a flagman in the city of Dallas. On the 1st day of August, 1925, he was on duty at the railroad tracks near a flag station. Appellant and another man were crossing the railroad tracks in a truck when Mr. Denman attempted to stop them. His signal sign struck against the truck. At the time a train was approaching the street. Appellant proceeded across the street, stopped his truck and went back across the track to the point where Mr. Denman was standing and struck him in the face with his fist. Mr. Denman sank to the ground with blood coming from his mouth and nose. A crowd congregated at the point of the difficulty and appellant got in his car and drove away. Mr. Denman was taken in an ambulance to the hospital. He died before reaching the hospital. At the time of the difficulty appellant was 37 years old, five feet eight inches tall, weighed 185 or 190 pounds, and was a strong, vigorous man.

Appellant contended that he did not see deceased when he attempted to stop him, and that after he learned that he had passed the stop-signal he went back to deceased for the purpose of making an explanation. He stated that deceased used a great deal of profanity, became excited and sank to the ground. He denied that he struck deceased and contended that the death of deceased was due to heart attack brought about by excitement.

The first bill of exception complains of the action of the trial court in overruling appellant's second application for a continuance. The indictment was returned against appellant on the 28th of August, 1925. On the 18th of October, 1926, when the case was called for trial, the state announced ready, appellant's first application for a continuance was granted and the case reset for November 29, 1926. On November 29, 1926, the case was again continued and set for trial on June 6, 1927, and at that time passed by the court to June 9, 1927. When the case was called for trial on June 9, appellant filed his application for a continuance based on the absence of Dr. McAdams and Dr. Knight. He averred in his application that process had been issued for both of said witnesses on May 24, 1927, returnable June 6, next. No return was made of either of said subpoenas. After said witnesses failed to appear on June 6, process was on said date again issued for them but was never returned. No

circumstances that would have justified appellant in waiting nearly two years after the return of the indictment before applying for process for the witnesses were shown. Under such conditions we are constrained to hold that appellant failed to show sufficient diligence in securing the presence of his witnesses. Horn v. State, 284 S. W. 557; Walker v. State, 287 S. W. 497.

Appellant based his motion for a new trial in part on the overruling of his application for a continuance. The state controverted the motion and attached to the controverting plea the affidavits of the witnesses upon whose absence the application for a continuance was based. These affidavits showed that neither of said witnesses would testify to all of the facts set forth in the application for a continuance. Appellant alleged in the said motion, in substance, that the absent witnesses would testify that they made a careful examination of the deceased before he died; that there were no marks of violence on his body; that there was no blood about his nose or mouth; and that deceased, in the opinion of the witnesses, died from a heart stroke or high blood pressure brought about by anger or excitement. The affidavits of the witnesses show that appellant was bleeding at the mouth and nose; that there was no evidence of bruises or abrasions on the exposed surface of his body and head; and that they did not remove his clothes to examine him. Dr. McAdams' affidavit was further to the effect that he was of the opinion that deceased died from heart trouble resulting from excitement aroused by the fight and not by any direct violence. Looking to the evidence adduced on the trial, we are of the opinion that if appellant had shown diligence in securing the presence of the witnesses, the trial court nevertheless did not err in overruling the motion for a new trial. In passing on such question this court looks to the evidence adduced on the trial. Branch's Ann. P. C., Sec. 305; Walker v. State, supra.

Bill of exception No. 2 presents the following occurrence: While appellant was sitting in his automobile in front of his house he was approached by officers and asked if his name was Earl Florence. He replied in the affirmative, and one of the officers stated to him that "the old man" with whom he (appellant) had had the difficulty that day, had died. Appellant testified on direct examination that he thereupon stated: "I said I was very sorry and I said I didn't have anything to do with hurting him, and they said he had died anyway." The state then called the officer as a witness and asked him what appellant

told him on the occasion in question. The officer testified that appellant asked him if deceased was dead, and that when he answered in the affirmative, appellant stated that he was sorry, that he didn't know why it happened like it did, and that he just lost his temper and had a fight up there. Appellant objected to such testimony on the ground that he was under arrest at the time. The bill of exception shows that appellant was under arrest and that the statement was not res gestae. In qualifying appellant's bill the court states that the testimony objected to by appellant was admitted because of the fact that on his direct examination appellant testified to a part of the conversation between himself and the officers. We are inclined to the view that the statement objected to by appellant was admissible. Art. 728, C. C. P., provides:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

We quote from Cooper v. State, 250 S. W. 185, as follows:

"While Brooks was testifying for the state he was asked on cross-examination what he said to appellant after the officers came, and he replied, 'I said, Bill Cooper, you're a dirty, low-down s— of a b—, any man who would call another out and shoot him like you did me.' Afterward and while Sheriff Malone was on the stand for the state, he was asked relative to what he heard appellant say at the time Brooks came up, and over objection was allowed to state that appellant said to Brooks, 'I went down there to kill you'; the objection being that appellant was under arrest and unwarned at the time. The ruling of the trial court in admitting said evidence is referrable to Art. 811, C. C. P. (now Art. 728), which declares that if any part of a conversation be introduced by one party to a controversy, all of said conversation relating to the same subject matter, or shedding light on it, may be introduced by the opposite party. The matter is not made quite clear by the bill of exception, but it appears that a statement by appellant that he went down to Brooks to kill him would be admissible under the above rule as shedding light upon the statement of Brooks that any man who

would call another out and shoot him as appellant did, was appropriately described by the language used."

See also Venn v. State, 284 S. W. 955; Livingston v. State, 280 S. W. 802; Ruedo v. State, 277 S. W. 117.

Finding no error, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists that in the original opinion the inhibition against the receipt in evidence of a declaration of the accused while under arrest in the absence of compliance with the confession statute (Art. 727, C. C. P., 1925) was violated, and cites Hext v. State, 282 S. W. 242, and precedents to which reference is made therein. The authorities cited are to the effect that the state, upon its own initiative, may not use against the accused declarations made while under arrest which are not res gestae, which are not rendered inadmissible by compliance with the terms of Art. 727, supra, and which are not embraced in the exceptions therein named. In the present instance, it was the appellant, and not the state, who introduced the declarations made by him while under arrest. He having done so, it was clearly the right of the State under Art. 728, C. C. P., to introduce the whole of his declaration made at the same time and upon the same subject. Such a construction of the statute is supported by the authorities cited in the original opinion, and also others collated in Vernon's Tex. C. C. P., 1925, Vol. 2, p. 840.

The motion for rehearing is overruled.

*Overruled.*