ROY GRIGSBY v. THE STATE.

No. 14843. Delivered February 10, 1932.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile while intoxicated; the punishment, a fine of $100.

The arresting officer testified, in substance, as follows: Appellant was driving his automobile on a public highway between the town of Floydada in Floyd county and the town of Ralls in Crosby county. The officer followed appellant for some distance. Appellant finally turned off of the highway and drove into a pasture. When the officer reached the car he found appellant in the act of pouring out some whisky. There was a woman in the car with appellant. Appellant was drunk. Other witnesses gave testimony to the effect that when appellant was brought to town by the officer he was in an intoxicated condition.

Appellant denied that he drove the automobile. He said that his woman companion drove the car. He testified further that he had not drunk any intoxicating liquor and was not drunk at the time he was arrested. He denied that he had any whisky in the car. Appellant introduced several witnesses who testified that they had seen him shortly prior to the time he drove the automobile, and that he was not drunk.

Bill of exception No. 1 relates to the action of the court in permitting the arresting officer to testify that he followed appellant and his companion from the highway into a pasture, and that after they had driven about a mile and a half he saw them stop the automobile and pour some whisky out in the car. Appellant objected to this testimony on the ground that he was charged with driving the car on a named highway and that it was not a violation of the law, under the statute, to drive an automobile in a pasture. Appellant had been driving on the highway named in the indictment immediately before he turned into the pasture. The question as to whether appellant was intoxicated was a material issue in the case. Appellant denied that he was intoxicated and declared that he

had no whisky in the car. The acts testified to by the sheriff were a part and parcel of the transaction out of which the prosecution grew.

Bill of exception No. 2 is concerned with the action of the court in permitting an officer to testify that he observed appellant when he was brought to jail by the arresting officer, and that he was drunk, and, further, that he smelled whisky on his breath. Appellant objected to this testimony on the ground that he was under arrest and that the provisions of article 727, C. C. P., relating to confessions, had not been complied with. There is nothing in the bill of exception to support the grounds of objection. A mere statement of a ground of objection in a bill of exception is not a certificate on the part of the trial court that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569. Bill of exception No. 3 relates to appellant's objection to the testimony of another witness that he saw appellant in jail shortly after his arrest and that he appeared to be drunk. The grounds of objection in this bill of exception are not supported. Bill of exception No. 5 is concerned with the testimony of still another witness to the effect that he observed appellant while he was in jail and he was drunk, and that he staggered around. The grounds of objection in this bill of exception are not given any support. If the statement of facts should be consulted, we find that the court was warranted in admitting the testimony, notwithstanding appellant was under arrest, and unwarned. The state introduced its testimony in chief without offering any proof as to appellant's condition after he had been placed in jail. After the state had rested, appellant introduced a witness, as shown on page 11 of the statement of facts, who testified that he was in appellant's cell after he had been placed in jail and that appellant did not appear to him to be drunk. On cross-examination by the district attorney this witness testified, without objection, that appellant was not drunk at the time he saw him in jail. It was in rebuttal that the state introduced witnesses who testified that they observed appellant while he was in jail, and that he was drunk. It is unnecessary for us to decide whether the testimony of the witnesses that appellant was drunk when they saw him in jail was inadmissible in the absence of appellant having first gone into the matter. In the present instance, it was the appellant who introduced proof to the effect that he was not drunk after he had been placed in jail. He having done this, the state was clearly entitled to meet this proof by testimony on the part of witnesses that in their opinion appellant was at the very time inquired about by appellant under the influence of intoxicating liquor. See Florence v. State, 109 Texas Crim. Rep., 335, 4 S. W. (2d) 555.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.