# OCTOBER 17, 1934

### R. C. ABERNATHY V. THE STATE.

No. 16847.   Delivered June 13, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 986.

The opinion states the case.

*Reynolds & Heare,* of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The indictment is in two counts, one charging burglary and the other charging theft. The facts, briefly stated, are as follows: On the morning of July 29, 1933, Mr. W. M. Lisle discovered that his granary situated about one mile west of Shamrock on highway 66 had been entered and a load of wheat taken from same. Mr. Lisle had been at the granary at 11 o'clock on the night of July 28, at which time no entry had been made into the granary and no grain had been taken therefrom. The next morning he discovered that his granary had been entered during the night and a load of wheat taken from same. He also observed where a truck with dual tires on the rear wheels had been driven up to the granary and also observed tracks made by a truck leading from the granary to the highway, but the tracks of the truck in most places were obliterated by some limbs or branches of a tree which were dragged by the truck. However, the tracks were plainly visible in some places and there the tracks showed to have been made by a truck with dual wheels on the rear of the truck and made by tires of similar size and kind as those of appellant's truck. Mr. Lisle also found some large green leaves and a part of a limb of a tree along the trail made by the truck. The appellant at the time was living in a garage apart-

ment situated in the town of Shamrock belonging to Dr. Beech, and he, the appellant, kept his truck under a tree near the garage. Mr. Lisle and Mr. Lummus went to Shamrock and noticed the appellant's truck parked under a tree at Dr. Beech's garage, which the appellant occupied at that time. They observed some grains of wheat in the cracks of the floor of said truck and where part of a limb had been broken from a tree. They fitted part of the limb of a tree found along the trail made by the truck to that part of the broken limb on the tree and it seemed to fit perfectly and made a perfect union. They also found that leaves of a tree which they found along the trail made by the truck were similar in size and character as those on the tree at the Beech garage where appellant parked his truck. They then went to see the appellant and asked him how long he had owned the truck and whether he had ever hauled any wheat in it, to which the appellant replied that he had owned the truck about a year but had never hauled any wheat in it. They then took him to the truck and showed him the wheat in the cracks of the floor of the truck and the leaves found, whereupon the appellant admitted that it looked like his truck had been used in hauling the wheat but that he did not do it; that it looked like they had him in a jam and if he had the money he would pay for the wheat but he didn't have any money. The State further proved that on Saturday morning, July 29, 1933, the appellant sold 138½ bushels of wheat to Mr. Husted at Pampa for the sum of $116.32, which he claimed he had acquired at Erick, Oklahoma. The appellant did not testify. However, his wife and brother-in-law testified for the appellant that he, the appellant, was engaged in trucking into Oklahoma and Colorado and early in the evening of July 28th the appellant had his truck loaded with wheat and parked under the tree near the garage of Dr. Beech which he carried to Pampa the next morning. He also introduced a witness who testified that he was engaged in the garage business and carried automobile accessories; that in the early part of the night of July 28th, the appellant called upon him to repair a flat on his truck. The witness testified that he went to the place where the appellant's truck was parked and repaired the flat tire and in doing so he noticed that the truck was loaded as he could not jack it up with an ordinary jack but had to employ an extra jack for that purpose.

The appellant first complains of the action of the trial court in refusing to sustain his motion to require the State to elect upon which count of the indictment it would ask for a convic-

tion. It is a well settled rule in this State that if different counts charging the same character of offense are inserted in the indictment to prevent a variance, and there is evidence supporting each, the State is not required to elect between such counts, and in support of the views herein expressed we refer to the case of Carr v. State, 36 Texas Crim. Rep., 3; Owens v. State, 35 Texas Crim. Rep., 345; Dill v. State, 35 Texas Crim. Rep., 240. However, in this case it appears that the court made an election and submitted the case to the jury on the first count only.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the district attorney to prove by Mr. Husted the following: "I had not known the man prior to that time and so far as I know that is the first time I had ever met him. He told me what his name was. I looked at the wheat, tested it and made the remark that 'this wheat is a kind of a stranger. We don't get much wheat like this and haven't been getting much like it and that it is stacked wheat,' and he says 'yes' and I says, 'Where was it raised?,' and he said, 'Over near Erick, Oklahoma,' and I said, 'You have hauled it quite a ways then,' and he said, 'Yes, you fellows pay a little more for wheat over here than they do over there. You have got a better rate or something,' and I said, 'Pampa is considered the highest wheat town in the Panhandle anyway and we always pay more for wheat here then anywhere on earth, I think, and very often pay more then it is worth.' This was on July 25, 1933."

Thereafter the following testimony was admitted without objection: "I saw this man on the 29th of July. I bought another load of wheat from him. That was early in the morning around 7 o'clock. When I looked at this load of wheat I said, 'This ain't the same kind of wheat you had before on your other load,' and he said, 'No, but it is as good, isn't it?', and I said, 'Yes, it is better quality wheat,' and he said, 'It was raised on the adjoining farm as the other load.' The last load of wheat I bought from the defendant was 138½ bushels for which I paid him $116.32."

It is a well established rule in this State where an objection goes to the whole testimony involving a number of different statements, some of which are admissible and some inadmissible, and there is nothing in the objection which singles out the objectionable testimony, it is not error for the court to admit all of the testimony. Tubb v. State, 55 Texas Crim. Rep., 623; Zweig v. State, 171 S. W., 747. It was clearly permissible for

the State to show when and where the witness first met the appellant and learned his name, and the balance of the testimony, if it was inadmissible, was not separated by the objection from that which was admissible. Hence, the bill is too general to be considered. However, it is also a well recognized rule that when testimony is admitted without objection which has the same effect and is similar in its nature as that which is objected to, the error in it is unavailing. In support of the views herein expressed we refer to the case of Wagner v. State, 53 Texas Crim. Rep., 306; Montgomery v. State, 31 S. W. (2d) 440.

By bill of exception No. 3 the appellant complains of the action of the trial court in overruling his motion for new trial in which he complained of misconduct on the part of the jury in discussing the failure of the appellant to testify in his own behalf, and also in referring to the fact that the appellant was accused of stealing wheat from J. J. Lummus. The court heard testimony upon the matter of the alleged misconduct of the jury and decided the issue adversely to the appellant. It appears from the testimony that the court was justified in doing so. From the testimony adduced it clearly appears that when one juror remarked that the appellant had not testified, some of the jurors immediately admonished the juror that the court had instructed them not to consider the failure of the defendant to testify as any evidence of guilt and that they could not refer to or any way mention or discuss the same while deliberating on the verdict, and thereafter nothing more was said. The fact that the appellant was accused of stealing wheat from J. J. Lummus appears not to have been discussed until after the jury had agreed upon a verdict. At least, the testimony adduced upon the motion for new trial was sufficient to justify the court in reaching such a conclusion, and this court is not justified in reversing the action of the trial court in overruling the motion for new trial unless it is made to clearly appear from the record that the court abused his discretion.

The appellant also challenges the sufficiency of the testimony to warrant the conviction. We have carefully examined the record and have concluded that the facts and circumstances testified to by the various witnesses is sufficient to show that the appellant's truck was used in hauling the wheat from the alleged burglarized barn and the leaves and limbs that were found along the trail made by the truck seemed to indicate that the appellant's truck hauled the grain and were sufficient circumstances to indicate that the wheat taken from the granary was

taken by the appellant and was the next day sold to Mr. Husted at Pampa. This being a case of circumstantial evidence and the court having submitted the same to the jury under appropriate instructions, and the jury having found the appellant guilty under such instructions of the court, we feel that the finding of the jury is binding on this court.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—We have examined with interest the very courteous and strongly argued motion of appellant for rehearing, and in view thereof have re-examined the facts in the record.

We discover nothing leading us to conclude that error was committed in the judgment of affirmance.

The motion for rehearing is overruled.

*Overruled.*