BRICE COCHRAN v. THE STATE.

No. 18087. Delivered April 1, 1936.

The opinion states the case.

*E. B. Simmons,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a pistol, punishment being confinement in jail for one year.

On the night of the 8th or 9th of May, 1935, appellant was at a night club in the City of San Antonio. At the table with appellant were "Skeeter" Claus and his wife, Mr. Williams, McChavey and a Mrs. Dooley. At a nearby table were seated Russell Jeanette, Jr., George Porter, Mr. Smallwood and two ladies. Appellant went to the latter table and according to State's witnesses, told Jeanette in substance that he had better go home. Jeanette testified that appellant had a pistol in his belt at the time. Appellant claimed that Mrs. Claus had informed him that Jeannette had made signs to her indicating that he wished her to come to the table where he was seated, and that she so informed appellant, who testified that when told of the incident he went to Jeanette and told him that Mrs. Claus was a married woman, and requested him not to further annoy her. He denied having a pistol at the time.

Mrs. Dooley was used as a witness by appellant. She supported appellant's testimony and that of other defense witnesses, and testified that she danced with appellant and never at any time saw a pistol in his possession or felt one in his belt while dancing with him. She was a material witness for appellant. Upon cross-examination of Mrs. Dooley and after she had admitted that she was a good friend of appellant and also of "Skeeter" Claus, she was asked by the prosecuting attorney if her husband (Mr. Dooley) was not then under indictment for perjury for testifying for "Skeeter" Claus, to which she answered that he was. The question and answer were objected to, but the court permitted same to go into the record. Neither "Skeeter" Claus nor Mr. Dooley testified as witnesses in the case, and Mr. Dooley was not even present when the incident occurred out of which the prosecution grew. The evidence was clearly inadmissible. In Walker v. State,

105 Texas Crim. Rep., 141, 287 S. W., 497, we said: "A witness may be impeached by showing that he has been convicted in the courts of theft, but not by proof that his general reputation is that of a thief, nor by proof that he is generally reputed to associate with thieves, nor that the general reputation of his associates is that of thieves."

The principle there announced seems applicable here. Mrs. Dooley could not be impeached by a showing that her husband was under indictment for perjury, even though the perjury was claimed to have occurred in a case where Mr. Dooley had testified for an accused who was one of Mrs. Dooley's companions at the night club when the present offense is alleged to have occurred.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, P. J., absent.