## ISAAC JONES v. THE STATE.

No. 18721.  Delivered January 20, 1937.
Rehearing Denied February 10, 1937.

The opinion states the case.

*Wm. Glover, Mathis, Thomas & Glover,* and *Rosser Thomas,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with malice, and his punishment was assessed at confinement in the state penitentiary for life.

This is the second appeal in this case. The opinion delivered by this court on the former appeal is reported in 91 S. W. (2d) 341, wherein the facts are sufficiently stated. We have again reviewed the statement of facts in this record, but find no material difference between the facts proven on the former appeal and those proven on the trial from which this appeal is prosecuted. Hence we do not deem it necessary to restate the same.

Bill of exception number six reflects the following occurrence. While the State's witness Williams was being cross-examined by defendant's counsel, the district attorney in the presence of the jury remarked that the defendant's counsel had gone over the matter three or four times as to where deceased's pistol lay—to which appellant's counsel replied that he was endeavoring to clear up some confusion. At this juncture the court interceded with the remark, "I don't see any confusion

about it." To which appellant objected on the ground that the remark constituted a comment on the testimony of the witness and was prejudicial. The bill is insufficient in that it fails to state that there was any confusion. A bill of exception to be sufficient should set out the matter in confusion which was sought to be cleared up. The mere objection that there was confusion is not a certificate of the trial court that such was the case. See Wright v. State, 36 Texas Crim. Rep., 35; Ferguson v. State, 61 Texas Crim. Rep., 153 (155). The court, however, immediately instructed the jury that if they heard his remark it was not evidence and they should not consider it for any purpose whatever. We do not believe that the remark of the court was a comment upon the weight of the testimony and an invasion of the apellant's legal right. In support of the view here expressed we refer to the cases of English v. State, 213 S. W., 632, and Herridge v. State, 76 S. W. (2d) 522.

By bill of exception number seven appellant complained of the court's charge on murder with malice on the ground that the testimony was insufficient to authorize such instruction. We do not agree with him because in our opinion the State's testimony was such that the jury could reasonably draw the conclusion therefrom that appellant was guilty of murder with malice. Appellant requested a number of special instructions and all were refused by the court. We have carefully reviewed the court's charge in the light of the special requested instructions and have reached the conclusion that the court's charge is a full and fair presentation of the law as applicable to the facts in the case. Some of the special requested instructions comprehend more than one subject and especially is that true with reference to the special requested instruction on self-defense from a milder attack. Hence the court had a right to decline to give such instruction.

Other bills of exception appear complaining of the admission of testimony. These have been examined and in the light of the trial court's qualification thereto fail to reflect error.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant presents only one point, and that is that the testimony of Dr. Page was merely the conclusion of the witness, and, therefore, inadmissible. From bill of exceptions No. 5 it appears that Dr. Page, County Health Officer of Harris County, was called in rebuttal, and, after qualifying as an expert witness, was asked: "What effect would a bullet passing through the brain have upon a person?" and answered as follows: "It would be fatal and would cause immediate paralysis and in my opinion deceased could not have placed his pistol back in his holster after being shot." A blanket objection was made to this answer, the ground of which was that the jury was as competent to pass upon the matter inquired about as the witness, and further that it was not shown that said witness saw the deceased or made any examination of the wound, and that said matter inquired about restricted the plea of self-defense, and said answer was merely the conclusion of said witness and therefore incompetent.

Unfortunately for appellant if any part of the answer of the witness was not subject to the objection made, the contention can not be upheld. In the argument in his motion, that part of the doctor's statement in which he said in his opinion deceased could not have placed his pistol back in his holster after being shot, is urged as inadmissible. Appellant would have been in better position for this court to give him relief if he had objected to this particular part of the answer, but he did not. The rule announced by innumerable authorities is that where a blanket objection is made to evidence, some of which is admissible and some of which is not, the objection will not be good. Clearly the doctor, as an expert, could testify as set out in the first part of his answer, namely, that a shot through the brain would be fatal and would cause immediate paralysis.

This being the only ground of the motion, and not being able to agree with the soundness of appellant's contention, same will be overruled.

*Overruled.*