## L. H. BYROM v. THE STATE.

No. 18901.  Delivered March 31, 1937.
Rehearing Denied (Without Written Opinion) May 12, 1937.

The opinion states the case.

*Sam B. Spence,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced by the State shows that early in the afternoon of January 20th some person or persons forcibly entered the smoke house of P. L. Wright during his absence and took therefrom some meat, pecans, and two butcher knives. Two men in a Chevrolet car were seen leaving the premises of Mr. Wright about the time the burglary was committed. On the same afternoon a Chevrolet car with two men in it, one of whom was subsequently identified as being the appellant, passed Mr. Clyde Carnes on the road about three-fourths of a mile from the burglarized premises. Later in the afternoon P. L. Wright, Jr., saw appellant and his brother in a tent at a camp eating some meat. He also saw in said tent meat, pecans, and two butcher knives. He recognized the butcher knives as the property of his father and immediately notified the officers. The officers on their way to the tent met appellant and his brother in a Chevrolet car driving in the direction of Wichita Falls. They stopped the car, searched it, and found the stolen property.

By bills of exception numbers one and three appellant complains of the testimony given by the officers to the effect that they stopped appellant, searched his car, found the stolen property, and arrested appellant. His objection to said testimony was that the search was illegal because the officers had no search warrant. The bills of exception are insufficient in that there is nothing in said bills to support the ground of objection. A mere statement of the ground of objection in a bill of exception is not a certificate on the part of the trial court that the facts which form the basis of the objection are true; it merely shows the ground of the objection. See Grigsby v. State, 119 Texas Crim. Rep., 241, 46 S. W. (2d) 326; Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569; Huffman v. State, 28 Texas Crim. Rep., 177. However, it appears from the record that the officers had probable cause for the search. See art. 325, C. C. P.

Bills of exception numbers two, four, and five are without merit because the testimony objected to was admissible.

Appellant also complains of the action of the trial court in overruling his motion for a new trial based on misconduct of the jury in discussing appellant's failure to testify. The court heard testimony on said issue, overruled said motion, and made his findings a part of the record, which shows the court found that there was no discussion by the jury of the appellant's failure to testify. Some reference was made thereto by one of the jurors, but the foreman of the jury immediately admonished them that defendant's failure to testify could not be considered as evidence against him and there the matter rested. A similar question as here presented was fully discussed by this court in the case of Lovell v. State, 60 S. W. (2d) 208, and in Brice v. State, 57 S. W. (2d) 832, wherein this court held that a mere reference by a juror to the defendant's failure to testify is not a discussion thereof such as would, under the law, require the granting of a new trial. We, therefore, overrule appellant's contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.