## NELSON COX V. THE STATE.

No. 21423. Delivered February 26, 1941.
Rehearing Denied April 30, 1941.

The opinion states the case.

*Tom R. Mears,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

KRUEGER, Judge.

The conviction is for driving an automobile upon a public highway while intoxicated. The punishment assessed is confinement in the county jail for a period of sixty days and a fine of $50.00.

Appellant brings the case to this court for review upon two propositions which he claims present reversible error. The first is that the trial court erred in admitting in evidence over appellant's objection a certain part of a purported confession; and second, that the court erred in failing to instruct the jury that unless they found from the evidence beyond a reasonable doubt that the defendant drove and operated his car while in a state of intoxication that they should acquit him, notwithstanding they might find from the evidence that he had taken a drink of whisky.

We will discuss each of the contentions in the order in which they are presented.

Bill of Exception No. 1 shows that the State offered in evidence the following part of the purported confession, to-wit:

"We passed along by the school house. I did not run over anyone or strike anyone that was walking along the road near the school house or anywhere else. I am positive about that. I would have known it if my car had struck anyone or anything. I imagine that I was driving about twenty-five or thirty miles per hour."

The bill further recites that the court permitted the State to introduce that portion of the purported confession "marked in parenthesis." Looking to the confession in the record, we find the following in quotation marks:

"My name is Nelson Cox and I live near Pearl, Texas. On the evening of November 23, 1939, Spurgeon Lowell, Pete Keeton and myself had been down to Gatesville. * * * I did not let anyone else drive my car that night."

From the foregoing it will be noted that it is uncertain just what part of the confession the State did introduce in evidence. However, in our opinion, it makes little, if any, difference which part of the confession was introduced because the only

objection urged thereto was that the alleged confession was taken at the time that appellant was in custody of the officers on a charge of failing to stop and render aid to a child which he was accused of striking and not for driving an automobile upon a public highway while intoxicated. There is nothing in the bill to show that appellant had been taken in charge by the officers for failing to stop and render aid to a child which he had struck except in appellant's objection, which is not a certificate thereof by the trial court. Hence the bill is deficient. Mr. Branch in his Ann. Texas P. C., p. 134, sec. 209, states the rule very clearly as follows:

"A mere statement of a ground of objection in a Bill of Exceptions is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objections."

See also 4 Tex. Jur. p. 309, sec. 215; Ferguson v. State, 61 Texas Cr. R. 152; Wright v. State, 36 Texas Cr. R. 35; Grigsby v. State, 119 Texas Cr. R. 240; Norton v. State, 88 S. W. (2d) 1045.

Appellant's objection to the court's charge is, in our opinion, without merit. The court instructed the jury that a person is deemed to be intoxicated within the meaning of the law when he does not have the normal use of his physical and mental faculties by reason of the use of intoxicating liquor. Immediately following the foregoing instruction, the court charged the jury that if they found from the evidence beyond a reasonable doubt that the defendant, on or about the 23rd day of November, 1939, in the County of Coryell and State of Texas, did unlawfully drive an automobile upon a public highway while then and there intoxicated, as that term has been defined in the preceding paragraph, then to find him guilty, etc., and in the succeeding paragraph the court charged the jury that if they did not find that appellant was then and there intoxicated, as that term has been defined in this charge, "or if you have a reasonable doubt thereof, you will acquit him and say by your verdict 'not guilty'." We are of the opinion that the definition of the term "intoxicated" in the instruction was sufficient to fully protect the appellant in his legal right. Under the charge of the court the jury was required to acquit appellant even if he had taken two or more drinks of whisky, unless they found from the evidence that by reason thereof he had lost the normal

use of his mental and physical faculties. See Lockhart v. State, 108 Texas Cr. R. 597, 1 S. W. (2d) 894.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in which he earnestly insists that his bill of exception is misunderstood. He takes the view that because he stated that he objected to the introduction of a confession on the ground that he had not been warned at the time by the officers taking it that he was being investigated for the crime for which the conviction was had, and because the court approved the bill with the attorney's objection in it that such approval certified the truth of the facts stated in the attorney's objection. Such view is not correct, and the original opinion thoroughly discusses the law leading to this conclusion.

It does appear that appellant's counsel takes a different view of the law, and the writer finds it very difficult to make the statement more definite or to use language more acceptable and more easily understood than that used in the original opinion and the authorities upon which it is based. Counsel stated these things not as a fact but as grounds for an objection. As grounds, proof must follow that they are true. If the approval of a bill of exception is to be so understood, and if it certifies the correctness of everything stated as a ground of objection, then all the attorney would have to do would be to imagine hurtful things and assert them as grounds of objection and thereby create reversible error. If the court should certify that such proceedings took place and that the attorney so stated, as it is his duty to do, nothing else would be needed to reverse any case. There is a distinguishment to be made between the attorney's ground of objection and that which follows or precedes it as facts, and this distinguishment must be recognized. Occasionally the trial court fails to do so and it becomes the duty of this court to reverse their case when they have certified that harm results from the acts complained of.

We have again reviewed the bill of exception complained of and adhere to the original opinion. We find no error in the record, and overrule appellant's motion for rehearing.