VIRGIL WESLEY WATTS v. THE STATE.

No. 23357. Delivered May 22, 1946.

The opinion states the case.

*R. M. Gardner, W. A. Culwell,* and *James E. Anderson,* all of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of robbery and sentenced to five years in the penitentiary. This is a companion case to Counts v. State, No. 23296, (Page 348 of this volume) pending on motion for rehearing at this time. The facts are the same as related in the opinion in that case and unquestionably sustain the jury's finding of guilt.

Three bills of exception are found in the record. By Bill No. 1 complaint is made of jury misconduct. An affidavit filed with a motion for a new trial, signed by one of the jurors, states "while we were out deliberating on the guilt or innocence of the

defendant it was mentioned by more than one member of the jury that the defendant had not taken the witness stand and testified. This talk about the defendant not taking the witness stand was had before I voted guilty, and it influenced me in voting guilty." On the hearing of this motion before the court, the same wtiness testified that "two or three of us said something about it," and he failed to testify as above quoted from his filed affidavit. He could not positively identify anyone who mentioned the matter. Another juror said that he only heard one reference, by a party who asked why the defendant was not called to testify, but does not remember what juror it was. A Mr. Pearce, one of the jurors, testified that he had made a remark that "I said I just wondered why he did not testify, and that is all I ever heard." He made no other comment himself and never heard it from anyone else. Mr. Cearley, another juror, stated that he was not sure but believed that he heard the matter mentioned, but could not say whether it was in the court room or the jury room, and did not know who made it; that it was probably in the reading of the court's charge. All other jurors testified. Each stated that he had not made any mention or referred to the failure of the defendant to testify, and that he had not heard any reference made in the jury room to the matter. The court heard this testimony and found against the contention.

Under the authority of Lovell v. State, 60 S. W. (2d) 208; Abernathy v. State, 74 S. W. (2d) 986; and Byrom v. State, 104 S. W. (2d) 870, we do not think that any error is shown. These cases discussed the matter fully, together with the authority upon which they rely, and it is not considered of value to enter into further discussion of the question.

Bill of Exception No. 2 complains of the admission of the evidence of Sammie Harris to the effect that he told the officers that he thought the three men involved in this case were the same men who robbed him. This bill is duplicitous and, therefore, fatally defective. It presents objections to more than one statement by the witness. Furthermore, we find no harm in the evidence. It was not used to bolster the testimony of any state witness and was the same as the statements he made in court without objection.

Bill of Exception No. 3 complains of that part of the court's charge which submits to the jury an issue as to whether or not the witness Billie Garver is an accomplice. Appellant takes the position that he was an accomplice as a matter of law, and

that the jury should have been so instructed. This witness denied any knowledge of what took place at the rear of the car, until he had left the scene of the robbery with the other parties, and heard appellant make his statement as to what they had done. It appears that he had taken no part in the robbery. He was not present in accordance with any previous plan and there is no evidence of any act or conduct thereafter which would make him an accomplice witness under the statute or as a matter of law. We are of the opinion the court properly submitted the issue to the jury.

Finding no error, the judgment of the trial court is affirmed.