**Mabel Faye CASE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36499.

Court of Criminal Appeals of Texas.

Jan. 29, 1964.

F. G. Swanson, Wm. R. Crocker, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, seven years.

The homicide occurred at a rural home in Smith County. Appellant, deceased and a companion had been to the county line and had purchased some beer. Deceased had a record of mental illness, was drawing compensation for total disability, and had spent some time in veteran and civilian mental institutions. He was shot about four feet away from his automobile by appellant, who was standing in the doorway of her home, approximately 30 feet away. He was unarmed, but a .22 caliber rifle which was encased in a gun case was found lying under the seat on the floor board of his automobile. After the shooting appellant left the scene, and upon her return about an hour later she led the officers to a "shed" at the rear of her home where she reached under the floor and retrieved a .22 caliber single shot rifle which she told the officers she had used to shoot deceased.

Appellant testifying in her own behalf stated that deceased was intoxicated, had knocked her down with his fist, had abused her mother and her child, had gone to his automobile, had opened the door and then started back toward her house saying that "he was going to kill all of us." She did did not testify that she saw any weapon in deceased's hands, but stated that she secured her gun, "aimed it out the door * * intending to scare him with it * * * the screen door come to on it * * *" and "The gun fired." She testified that her defense was "self defense, and also accident". "Either one or both." The court in his charge submitted both defenses to the jury, neither of which they accepted, and we find the evidence sufficient to support the conviction.

Only one question is raised by brief and in argument. During the cross examination of appellant, the prosecutor asked her if she remembered being brought to his office and talking to him after her arrest, and being given the statutory warning. She replied in the affirmative. He then asked her, "*without stating what you told me*, didn't you make a statement there after I had given you that warning?" He then developed the fact that appellant had asked to see her lawyer, that the Honorable F. G. Swanson was called, and after reading the statement, advised appellant that she "didn't have to" sign the statement, and it was not signed. *No effort was made at this juncture to question appellant as to the contents of the statement.* On redirect examination,

appellant's counsel questioned her further as to why she had not signed the statement, other than upon the advice of her counsel, and she replied that the statement had not contained any of her testimony about deceased's hitting her, threatening her life and pushing her baby down, or the fact that deceased had a gun in his automobile. On recross, the prosecutor asked her if she had said anything (at the time of making the statement) about any threats, and she replied that she did not remember. He then exhibited the statement to her, and she admitted that it contained the recitation that appellant had hit her.

We do not pass upon the question of the sufficiency of the objection interposed by counsel to the above procedure.

We readily agree with appellant that an unsigned statement may not be used for impeachment, but do not agree that the cases of Lera v. State, 138 Tex.Cr.R. 127, 134 S.W.2d 248, and Ely v. State, 139 Tex. Cr.R. 520, 141 S.W.2d 626, upon which he relies, call for a reversal of this conviction, because in each of them, questions were propounded in the first instance by the prosecutor which indicated that the statements conflicted with the testimony which the witness had given on the trial.

It should be noted that in the case at bar, the prosecutor warned the witness not to divulge the contents of the statement. Her own counsel then opened the question as to what portions of her testimony had been omitted from the statement, which authorized the State to pursue the matter further. 1 Branch Ann.P.C. 2nd Ed., sec. 120, p. 137; Florence v. State, 109 Tex. Cr.R. 335, 4 S.W.2d 555, and Cornelius v. State, 157 Tex.Cr.R. 129, 246 S.W.2d 886.

While we do not commend the prosecutor for walking on such thin ice, we have concluded that no reversible error is reflected by the above.

The judgment is affirmed.